**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3818-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

 TODD M. CALLAN,

     Defendant-Appellant.

_____

> Submitted June 1, 2020 – Decided June 15, 2020
>
> Before Judges Moynihan and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 11-08-1432.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Todd M. Callan appeals from the March 26, 2019 order of the trial court denying his second petition for post-conviction relief (PCR). We agree with the trial court that defendant's second PCR petition was untimely and affirm.

On August 11, 2011, an Ocean County Grand Jury indicted defendant on one count of resisting arrest and eluding a police officer, N.J.S.A. 2C:29-2(b). In 2012, a jury found defendant guilty, and the trial court sentenced defendant to ten years' prison time with five years' parole ineligibility. Defendant appealed his conviction and sentence, which we affirmed in an August 2014 unpublished opinion. State v. Callan, No. A-0593-12 (App. Div. Aug. 12, 2014) (slip op. at 17). Defendant sought certification of our decision, which the Supreme Court denied. State v. Callan, 220 N.J. 573 (2015).

Defendant filed a PCR petition in March 2015, which Judge James M. Blaney denied on October 3, 2016. Defendant appealed Judge Blaney's denial. He filed a second petition for PCR on December 29, 2017. Judge Blaney dismissed defendant's second PCR petition without prejudice because the direct appeal of his first PCR petition was still pending. On May 31, 2018, we affirmed Judge Blaney's decision denying defendant's first PCR petition. State v. Callan, No. A-1303-16 (App. Div. May 31, 2018) (slip op. at 7). Defendant sought

certification of the denial, which the Supreme Court denied.  State v. Callan, 236 N.J. 116 (2018).  In July 2018, defendant filed a second application for PCR.  Judge Guy P. Ryan entered an order requiring defendant to show cause as to why his second PCR application was timely.  After hearing oral argument, Judge Ryan found that defendant's second PCR application was untimely, as defendant failed to file his second petition for PCR within one year of the denial of his first PCR petition.  Thus, Judge Ryan denied his application.  This appeal ensued.

On appeal, defendant presents the following argument for our review:

> DEFENDANT'S SECOND PCR PETITION SHOULD NOT HAVE BEEN DISMISSED AS UNTIMELY; THEREFORE, THIS MATTER MUST BE REMANDED FOR A DETERMINATION ON THE SECOND PETITION'S MERITS.

We review Judge Ryan's legal conclusions de novo, see State v. Harris, 181 N.J. 391, 419 (2004), and conclude that defendant's argument has no merit.

Rule 3:22-12(a) provides in relevant part:

> (2) Second or Subsequent Petition for Post-Conviction Relief. Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted initially was recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts

and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

Rule 3:22-12(b) provides that "[t]hese time limitations shall not be relaxed, except as provided herein." The plain language of the Rule deprives the trial court of discretion to expand the time frames set forth by the Rule, unless the provisions of subsection 2(A) or 2(B) apply.

Neither subsection 2(A) nor subsection 2(B) of the Rule are implicated in this case. Both of defendant's PCR applications alleged ineffective assistance of counsel. A straightforward application of subsection 2(C) inescapably leads to the conclusion that defendant's application is time-barred. In that regard, Judge Blaney denied defendant's first PCR application on October 3, 2016. Defendant filed his second PCR application on December 29, 2017, more than one year after his first application was denied. Accordingly, the trial court

A-3818-18T2

correctly determined defendant's second PCR petition was time-barred by <u>Rule</u> 3:22-12(a)(2)(C).

To the extent we have not addressed any of defendant's remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION